[No. B152965. Second Dist., Div. Six. Mar. 4, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD FERNANDEZ, Defendant and Appellant.

## COUNSEL

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Jaime L. Fuster and April S. Rylaarsdam, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COFFEE, J.**—Penal Code section 136.1, subdivision (b)(1)[1] penalizes an attempt to prevent or dissuade a victim from "[m]aking any report of that victimization to any peace officer or state or local law enforcement officer or probation or parole or correctional officer or prosecuting agency or to any judge." The question presented in this appeal is whether an attempt to dissuade a witness from making a "report . . . to any judge" includes an attempt to influence a victim's testimony at a preliminary hearing. We conclude that it does not.

### BACKGROUND

Appellant Richard Fernandez had been friends with John Mason for many years. Mason rented a room in appellant's mother's house, where appellant also lived on occasion. In 1999, Mason was injured on the job and began receiving disability benefits through workers' compensation.

Mason did not receive a disability check that was issued on April 27, 2000. He called his employer's insurance company and reported that the check was missing. Mason later learned that appellant had taken the check, forged Mason's signature, and cashed it at a local check cashing business. The owner of that business knew both appellant and Mason, and had allowed appellant to cash Mason's check after receiving telephone authorization from a person who identified himself as Mason.

Appellant acknowledged cashing the check and offered to pay back the money. Mason had already received a replacement check and told appellant to contact the insurance company. Appellant did so, but never made restitution. Ultimately, the district attorney's office filed a criminal complaint charging appellant with forgery and grand theft.

On December 5, 2000, the district attorney served a subpoena on Mason to testify at the preliminary hearing scheduled for the following day. Mason was not home when the subpoena was delivered to the house, but appellant was present and later gave it to Mason. Appellant seemed very nervous and

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

told Mason that he would also attend the hearing. He told Mason that he did not want to go into custody, because he might never see his ailing mother again. Appellant began to cry and said that Mason could help him if he testified a certain way at the preliminary hearing. He suggested that Mason use his medication as an excuse and claim that he had forgotten giving appellant permission to cash the disability check. The conversation went on for hours and Mason eventually told appellant that he would say he could not remember anything.

The next day, appellant drove Mason to the preliminary hearing and begged him not to tell the truth. Mason spoke to the prosecutor before he took the stand and said he had memory problems due to his medication. The prosecutor advised Mason to consult an attorney and warned him that he could be subjected to a perjury charge and an insurance fraud investigation. The hearing was continued until the following day, when Mason returned to court after deciding that he would testify truthfully. Appellant was bound over on the forgery and theft charges.

A consolidated information was filed, which included other counts arising from an unrelated shoplifting incident where drugs were discovered in appellant's wallet. Based on appellant's attempt to influence Mason's testimony, the district attorney also added a charge of attempting to dissuade a witness under Penal Code section 136.1, subdivision (b)(1). Appellant was tried before a jury and was convicted of all counts: forgery of a check under section 470, subdivision (d), grand theft of personal property under section 487, subdivision (a), dissuading a witness under section 136.1, subdivision (b)(1), petty theft under section 484, possession of methamphetamine under Health and Safety Code section 11377, subdivision (a), and being under the influence of a controlled substance under Health and Safety Code section 11550, subdivision (a). Appellant also admitted two prior prison term enhancement allegations under section 667.5, subdivision (b).

The trial court imposed an aggregate prison sentence of six years: the two-year middle term for the grand theft count, a consecutive two-year term for the dissuading a witness count,[2] and two consecutive one-year terms for the prior prison term enhancements. Sentences on the remaining counts were ordered to run concurrently.

## DISCUSSION

Section 136.1, subdivision (b) provides, "[E]very person who attempts to prevent or dissuade another person who has been the victim of a crime or

---

[2]When the sentence on a violation of section 136.1 is ordered to run consecutively to the sentence for the felony to which the dissuading pertained, section 1170.15 authorizes the imposition of a full strength middle term, notwithstanding the one-third of the middle term limitation on subordinate counts under section 1170.1, subdivision (a).

who is witness to a crime from doing any of the following is guilty of a public offense and shall be punished by imprisonment in a county jail for not more than one year or in the state prison: [¶] (1) Making any report of that victimization to any peace officer or state or local law enforcement officer or probation or parole or correctional officer or prosecuting agency or to any judge." Section 137, subdivision (c) provides, "Every person who knowingly induces another person to give false testimony or withhold true testimony not privileged by law or to give false material information pertaining to a crime to, or to withhold true material information pertaining to a crime from, a law enforcement official is guilty of a misdemeanor."

Appellant contends that his conviction under section 136.1, subdivision (b)(1) must be reversed because it was predicated solely on his efforts to dissuade Mason from giving truthful testimony at the preliminary hearing. According to appellant, section. 136.1, subdivision (b)(1) does not purport to punish attempts to influence or prevent a witness's testimony, as he did in this case. Appellant acknowledges that his conduct was a violation of section 137, subdivision (c), and argues that the People simply charged him under the wrong statute.[3]

The People, on the other hand, urge a broad interpretation of section 136.1, subdivision (b)(1) that would encompass appellant's efforts to influence Mason's testimony. They argue that an effort to dissuade "any report of that victimization . ·. . to any judge" can be interpreted to include an effort to dissuade a report made under oath to a judge at a preliminary hearing; i.e., to prevent or influence a witness's anticipated testimony at a preliminary hearing.

Does the term "report," as used in section 136.1, subdivision (b)(1), include testimony at a preliminary hearing as the People suggest? The issue is one of statutory construction. As such, "our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. We do not, however, consider the statutory language 'in isolation.' [Citation.] Rather, we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in

---

[3]The trial court denied a defense motion for acquittal that was made on this ground. (§ 1118.1.)

the context of the statutory framework as a whole.' [Citations.]" (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129].)

 Starting with the "plain and commonsense meaning" of section 136.1, subdivision (b)(1), a "report" may be generally defined as "an account presented." (American Heritage Dict. (3d college ed.) p. 1158.) In the context of reporting a crime, it generally means notifying the authorities that the crime has occurred and providing information about the offense. "Testimony," on the other hand, is more specifically defined as a "declaration by a witness under oath, as that given before a court." (*Id.* at p. 1401.) In some contexts, the term "report" could reasonably encompass "testimony," as, for example, when members of a factfinding committee present their conclusions to the United States Congress while under oath. But neither lawyers nor laypeople are apt to characterize testimony by a witness in a criminal proceeding as a "report." Common usage of the word "report" does not support the People's interpretation of section 136.1, subdivision (b)(1), even if preliminary hearing testimony would literally fall within the definition of "report" as "an account presented."

Even if the phrase "report . . . to any judge" might otherwise be broadly construed to encompass preliminary hearing testimony, the statutory context of section 136.1, subdivision (b)(1) demonstrates that this was not what the Legislature intended. Section 136.1, subdivision (b)(1) is not a catchall provision designed to punish efforts to improperly influence a witness. Rather, it is one of several contained within part I, title 7, chapter 6 of the Penal Code (§§ 132-140), which establishes a detailed and comprehensive statutory scheme for penalizing the falsification of evidence and efforts to bribe, influence, intimidate or threaten witnesses.

Some of the statutes in this chapter target threats of violence made by a defendant after his conviction of a felony, or in retaliation for cooperation with law enforcement. (§§ 139, 140.) Others punish efforts to prevent a victim or witness from appearing in court and giving testimony. (§§ 136.1, subds. (a)(1) & (2), (c), 138, subd. (a); *People v. Womack* (1995) 40 Cal.App.4th 926, 931 [47 Cal.Rptr.2d 76].) Still others punish attempts to influence the *content* of testimony given, as distinguished from efforts to prevent a victim or witness from appearing at all. (§ 137, subds. (a)-(c); *Womack*, at pp. 930-931.)

Efforts to prevent or influence testimony are specifically prohibited by provisions other than section 136.1, subdivision (b)(1). Section 137 forbids a defendant's efforts to change the content of a witness's testimony. (*People v.*

*Womack, supra,* 40 Cal.App.4th at pp. 930-931.) Section 136.1, subdivision (a) makes it a crime to "[k]nowingly and maliciously prevent[] or dissuade[] any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law" or to attempt to do the same; i.e., to try to prevent a witness from appearing in court and giving testimony. (§ 136.1, subd. (a)(1) & (2); *Womack,* at p. 931.) Section 138, subdivision (a) penalizes bribes that are intended to dissuade a witness from appearing in court.

A review of the entire statutory scheme convinces us that when the Legislature intends to penalize an effort to influence or prevent *testimony,* or an effort to prevent the defendant from appearing in court, it does so explicitly. Section 136.1, subdivision (b)(1) makes no reference to testimony or courtroom appearances.

In *People v. Womack, supra,* 40 Cal.App.4th 926, the court addressed an issue of statutory interpretation similar to that presented here. The defendant in *Womack* had brutally attacked a witness and was convicted of both attempted murder and a violation of section 137, subdivision (b), which makes it a felony to attempt "by force or threat of force . . . to induce any person to give false testimony or withhold true testimony . . . ." On appeal, the defendant argued that his conviction under section 137 was improper because that statute only prohibited an attempt to influence the content of a witness's testimony. By convicting him of attempted murder, the jury necessarily found that his intent was not to influence the witness's testimony, but to prevent it altogether by killing him.

The appellate court agreed. It observed that two other statutes applied to cases in which the defendant intends to prevent a witness from testifying altogether: section 136.1, subdivision (a) and section 138. If section 137 prohibited efforts to prevent a witness from giving any testimony at all, sections 136.1 and 138 would be mere surplusage. (*People v. Womack, supra,* 40 Cal.App.4th at p. 931.) To avoid this result, the court narrowly construed section 137, whose "entire sense . . . is that testimony will be given, but the perpetrator will attempt to *influence* the testimony . . . ." (*Womack,* at p. 930.)

The *Womack* decision is significant for our purposes because the court refused to stretch the language of the statute at issue to cover the defendant's conduct when another statute within the same chapter of the Penal Code clearly applied. Here, an effort to influence the contents of a victim's or witness's preliminary hearing testimony is governed by section 137, and an

effort to prevent a victim or witness from testifying entirely is governed by sections 136.1, subdivision (a) and 138, subdivision (a). Section 136.1, subdivision (b)(1) should not be construed to punish efforts to prevent or influence testimony when it does not do so expressly, and there are other statutes within the same scheme that cover such conduct.

We observe that the two other offenses defined in section 136.1, subdivision (b) involve efforts to dissuade a victim or witness from acts other than testifying in court: the attempt to prevent or dissuade a witness from "[c]ausing a complaint, indictment, information, probation or parole violation to be sought and prosecuted, and assisting in the prosecution thereof" (*id.*, subd. (b)(2)) and the attempt to prevent or dissuade a witness from "[a]rresting or causing or seeking the arrest of any person in connection with that victimization" (*id.*, subd. (b)(3)). In *People v. Hallock* (1989) 208 Cal.App.3d 595, 605-607 [256 Cal.Rptr. 264], the court concluded that the offenses defined in section 136.1, subdivision (b) targeted pre-arrest efforts to prevent a crime from being reported to the authorities, rather than courtroom testimony.

We agree with *Hallock*'s conclusion that section 136.1, subdivision (b) punishes a defendant's pre-arrest efforts to prevent a crime from being reported to the authorities. Under the current statutory scheme, such conduct is not the equivalent of an effort to prevent a witness from giving testimony after a criminal proceeding has been commenced. Appellant's attempt to prevent or influence Mason's testimony simply is not substantial evidence of conduct proscribed by section 136.1, subdivision (b)(1), although it would have been punishable as an attempt to influence a witness's testimony under section 137, subdivision (c), had it been charged under that section.

The distinction between the offenses is not merely a semantic one. The Legislature has taken pains to distinguish the various methods of influencing a witness and to establish a range of punishment for those offenses that reflects different levels of culpability. Efforts to influence the contents of a witness's testimony are generally punishable as misdemeanors. (See §§ 133 [providing false information to witness for purpose of affecting testimony], 137, subd. (c) [inducing witness to give false testimony or withhold true testimony].) Efforts to prevent a defendant from reporting a crime or from appearing in court are punished more severely, either as wobbler offenses, alternatively punishable as misdemeanors or felonies, or as straight felonies. (§§ 136.1, subd. (a) [dissuading or attempting to dissuade witness from attending trial or giving testimony is wobbler offense], 136.1, subd. (b) [efforts to dissuade witness from reporting a crime to the authorities, causing

a charging document to issue or seeking an arrest of a defendant are wobbler offenses], 138, subd. (a) [bribery of witness to dissuade attendance at hearing or trial is punishable as felony].)

The punishment for all of these offenses increases when the crime is accomplished by aggravated means, such as the threat of force or violence or the promise of pecuniary gain. (See §§ 136.1, subd. (c), 137, subds. (a) & (b).) But it is clear that, generally speaking, the Legislature views an attempt to alter what a witness says in court as less culpable than an attempt to prevent a witness from appearing at all or from taking steps that are predicate to the prosecution's filing of an action.

At oral argument, counsel for appellant suggested that the reason for this disparity may be that efforts to change the nature of a witness's testimony are not as inherently threatening to the integrity of the judicial process as efforts to completely prevent that witness's participation in the case. A witness who appears in court is subject to cross-examination and may be impeached through prior inconsistent statements, even if he or she has been influenced by the defendant. The same cannot be said for a witness who does not testify at all. And in cases where a witness is dissuaded from making a report of criminal conduct or cooperating with the prosecution, there may not even be a case.

All attempts to improperly influence a witness are to be discouraged, but the decision to punish some such efforts less severely than others is a rational one. Were we to uphold appellant's felony conviction under section 136.1, subdivision (b)(1), we would disrupt the Legislature's carefully calibrated system of punishment which calls for his conduct to be treated as a misdemeanor under section 137, subdivision (c).

CONCLUSION

The prosecution was obliged to prove each element of dissuading a witness under section 136.1, subdivision (b)(1) beyond a reasonable doubt. Although there was ample evidence that appellant intended to influence Mason's testimony at the preliminary hearing, there was no evidence that he intended to prevent or dissuade Mason from making a "report" as required by section 136.1, subdivision (b)(1). Had the prosecution charged him under the correct statute—in this case, section 137, subdivision (c)—appellant would have been convicted of a misdemeanor rather than a felony. The conviction of section 136.1, subdivision (b)(1) cannot stand. (*People v.*

*Womack, supra,* 40 Cal.App.4th at p. 934; see also *People v. Sanders* (1998) 67 Cal.App.4th 1403, 1412 [79 Cal.Rptr.2d 806] [convictions for grand theft of real property reversed where evidence did not establish elements of that offense, but did establish uncharged crime of offering a forged deed for recording under § 115].)

The conviction of dissuading a witness under section 136.1, subdivision (b)(1) (count four) is reversed. The sentence is vacated and the matter is remanded for rensentencing. In all other respects, the judgment is affirmed.

Gilbert, P. J., and Yegan, J., concurred.