Filed 8/22/16  P. v. Geise CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID ALLEN GEISE,<br><br>    Defendant and Appellant. | 2d Crim. No. B266147<br>(Super. Ct. Nos. 2012021001, 2013002169)<br>(Ventura County) |

David Allen Geise appeals a judgment following his conviction for battery (Pen. Code, § 242) (count 2),[1] defrauding an innkeeper (§ 537, subd. (a)(1)) (count 3), and dissuading a witness (§ 136.1, subd. (b)(1)) (count 1), with a jury finding that he used force to commit that offense (§ 136.1, subd. (c)(1)).  Geise contends there is insufficient evidence to support his conviction for dissuading a witness.  We conclude, among other things, that substantial evidence supports the judgment.  We affirm.

FACTS

On January 19, 2013, Geise tried to pay his $24 bill at the Aloha Steakhouse in Ventura, California, using an expired gift card.  Geise left the restaurant without paying.  Charnell Smith, the restaurant manager, and Gregory Barrow, a "guest," left the restaurant to find Geise.

---

[1] All statutory references are to the Penal Code.

They saw Geise on the Ventura beach boardwalk "playing his drums." Smith told Geise that "his gift car was expired" and he "needed to pay his tab." She said he had to come back to the restaurant or she would "have to call the police."

Smith, Barrow and Geise walked back to the restaurant. Geise made a phone call to his sister to see if she could pay the bill. He then left the restaurant. Smith and Barrow followed him as he walked away down the boardwalk toward a hotel.

Barrow took out his cell phone and called 911. Smith caught up with Geise and told him he needed to pay the bill. Geise asked Smith how she was "going to make him pay the bill." Smith said he needed "to pay" or she "was going to call the police." Geise took his shirt off. Smith testified that Barrow was on the phone talking to the police.

Smith told Barrow to "stay on the phone with the police." Geise responded, "[O]h, no, he's not," and he punched Barrow in the head. The punch landed "right where the phone was by [Barrow's] ear." Barrow was on the phone "with 911" when Geise hit him. Geise's punch resulted in disconnecting the 911 call. Geise ran away. He was arrested.

In the felony information, the People alleged Geise dissuaded a witness (Barrow) "by force or threat" (count 1), committed battery on Barrow (count 2), and defrauded an innkeeper (count 3). In the first trial, the jury found Geise guilty of counts 2 and 3. The jurors "deadlocked" on count 1. The court declared a mistrial on that count. In a second trial, the jury found Geise guilty of count 1.

DISCUSSION

*Substantial Evidence*

Geise contends there is insufficient evidence to support a finding that he had the necessary intent to support a conviction for dissuading a witness from reporting a crime. (§ 136.1, subd. (b)(1).) We disagree.

In deciding the sufficiency of the evidence, we view the record "'in a light most favorable'" to the judgment and "'presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.'" (*People v. Johnson*

2

(1980) 26 Cal.3d 557, 576.) We do not weigh the evidence or decide the credibility of the witnesses. (*People v. Upsher* (2007) 155 Cal.App.4th 1311, 1322.)

"Section 136.1 criminalizes trying to dissuade a victim [or witness] from reporting a crime." (*People v. Upsher*, *supra*, 155 Cal.App.4th at p. 1320.) "To prove a violation of section 136.1, subdivision (b)(1), the prosecution must show (1) the defendant has attempted to prevent or dissuade a person (2) who is a victim or witness to a crime (3) from making any report of his or her victimization to any peace officer or other designated officials." (*Ibid.*) The term "report" includes both "notifying the authorities that the crime has occurred" and "providing information about the offense." (*People v. Fernandez* (2003) 106 Cal.App.4th 943, 948.)

The People must prove that "'the defendant's acts or statements [were] intended to affect or influence a potential witness's or victim's testimony or acts.'" (*People v. Navarro* (2013) 212 Cal.App.4th 1336, 1347.) "In other words, 'section 136.1 is a specific intent crime.'" (*Ibid.*) Intent "is seldom established with direct evidence but instead is usually inferred from all the facts and circumstances surrounding the crime." (*People v. Lewis* (2001) 25 Cal.4th 610, 643.)

Geise claims there is evidence that he was "impulsive" and "unstable," and, consequently, he did not have the specific intent to commit this crime. But the issue is not whether there is some evidence to support the appellant's position, it is only whether there is substantial evidence to support the judgment.

Here a trier of fact could reasonably infer that Geise intended to dissuade Barrow from completing his 911 call. Smith told Geise she would call the police if he failed to pay the bill. Geise knew Barrow was on the line with the police and Geise's words show his attempt to stop that call. When Smith told Barrow to "stay on the phone with the police," Geise responded, "[O]h, no, he's not." A reasonable inference is that Geise struck Barrow to intimidate him and to prevent or dissuade him from cooperating with the police in making a crime report. (*People v. Young* (2005) 34 Cal.4th 1149, 1210-1211.) The punch to Barrow's head was to the area where he was holding his cell phone. This punch resulted in disconnecting the 911 call.

3

Geise suggests Barrow had completed the crime report to the police before he punched him.

The People respond that the evidence shows that when Geise hit Barrow, Barrow was in the process of telling the police where Geise was going. This shows Barrow was trying to convey "information that would be essential to appellant's capture." We agree. Barrow was giving the police information to locate Geise who was attempting to walk away. In the 911 call, Barrow told police, "Oh, he just turned around, now he's walking back the other way."

The evidence is sufficient. We have reviewed Geise's remaining contentions and conclude he has not shown grounds for reversal.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


TANGEMAN, J.

4

Ryan J. Wright, Judge

Superior Court County of Ventura

_____


Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, for Plaintiff and Respondent.