Filed 2/14/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>RAYMOND GREGORY REYNOZA,<br><br>   Defendant and Appellant. | H047594<br>(Santa Clara County<br>Super. Ct. No. C1775222) |

A jury found defendant Raymond Gregory Reynoza guilty of dissuading a witness. (Pen. Code, § 136.1, subd. (b)(2), hereafter section 136.1(b)(2).)[1] As relevant here, section 136.1(b)(2) punishes any person who attempts to prevent or dissuade a witness from "[c]ausing a complaint . . . to be sought and prosecuted, and assisting in the prosecution thereof." We consider whether a person can be guilty under section 136.1(b)(2) where a complaint has already been filed in the case involving the witness.

The witness here was Rafael Cornejo. Cornejo and two other men—including Reynoza's brother—had been arrested for misdemeanor firearm possession in Gilroy in February 2017. The alleged dissuasion in *this* case occurred in San Jose in June 2017, after charges had already been filed in Cornejo's case. Reynoza contends he cannot be convicted under section 136.1(b)(2) because a complaint had already been filed in Cornejo's case.

We conclude insufficient evidence supports the conviction. Applying well-established principles of statutory construction, we hold the words "[c]ausing a complaint . . . to be sought" in section 136.1(b)(2) refer to attempts to prevent a complaint from

---

[1] Subsequent undesignated statutory references are to the Penal Code.

being filed. If the defendant knows a complaint has already been filed and does not attempt to prevent or dissuade the witness from causing any further or amended complaint to be filed, an essential element of the offense is missing. Because the evidence here was insufficient to prove an element of the offense, the prosecution failed to prove Reynoza's conduct fell within the scope of section 136.1(b)(2). We will reverse the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Facts of the Offense

#### 1. The Underlying Prosecution in Which Cornejo Was a Witness

Rafael Cornejo was arrested together with Benjamin Valladares and Francisco Rosales (Reynoza's brother) in Gilroy in February 2017. Police found an unregistered firearm in their vehicle. In April 2017, a complaint was filed charging each of them with misdemeanor possession of a firearm. Valladares was also charged with assaulting a person with a firearm and causing a firearm to be carried in a vehicle. The three defendants in that case made several court appearances from April to June 2017. On June 15, 2017, the three defendants made a court appearance. Cesar Chavez and his brother Gilbert also came to the courthouse even though they did not have any required court appearances that day. Valladares pleaded guilty to brandishing a firearm.

#### 2. The Conduct Underlying the Dissuasion Charge in this Case

The charged conduct in this case occurred outside a bar in San Jose on June 22, 2017. Valladares and Cornejo were inside the bar when the manager told Valladares there was a group of men outside, whereupon Valladares went outside to see if everything was alright. Someone asked him, "[W]here's your bitch ass uncle at?" Valladares understood this to be a reference to Cornejo, so Valladares went back into the bar and told Cornejo not to go outside.

Cornejo then exited the bar and walked outside, where Reynoza and two other men—Guillermo Cervantes and Cesar Chavez—approached Cornejo in the parking lot.

2

The incident was captured on video camera with no sound. The video shows Cornejo and Cervantes talking and gesturing at each other while Reynoza and Chavez stood next to Cervantes. According to witnesses, one of the men in Reynoza's group said something like, "[D]rop the charges," and someone said, "[W]e don't fuck with snitches." After about a minute, Cervantes punched Cornejo once in the head. Cornejo immediately fell to the ground and his head struck the pavement. Cervantes, Reynoza, and Chavez drove away, and Cornejo died soon thereafter.

## B. Procedural History

The prosecution initially charged Reynoza, Cervantes, and Chavez with three counts: count 1—murder (Pen. Code, § 187); count 2—dissuading or attempting to dissuade a witness by use of force or threat of force (§ 136.1, subd. (c)(1)); and count 3—witness dissuasion with an act in furtherance of a conspiracy (§ 136.1, subd. (c)(2)). A jury trial commenced in January 2018. At the close of the prosecution's case, the prosecution dismissed count 3 and amended count 2 to charge witness dissuasion under section 136.1(b)(2) with allegations that the offense was committed with the use of force upon a person (§ 136.1, subd. (c)(1)) and in furtherance of a conspiracy (§ 136.1, subd. (c)(2)).

The jury convicted Cervantes of involuntary manslaughter and witness dissuasion. Chavez was acquitted on all counts. The jury acquitted Reynoza of murder on count 1 and found him guilty of dissuading or attempting to dissuade a witness by use of force or threat of force under section 136.1(b)(2) as charged in count 2. The jury found true the allegation that he committed the act in furtherance of a conspiracy to intimidate a witness (§ 136.1, subd. (c)(2)) but found not true the allegation that he used force (§ 136.1, subd. (c)(1)).

The trial court sentenced Reynoza to an aggregate term of two years in prison.

3

## II. DISCUSSION

Reynoza contends the evidence was insufficient to prove he violated section 136.1(b)(2). He argues he could not have been guilty of attempting to prevent or dissuade Cornejo from causing a complaint to be sought and prosecuted because the complaint had already been filed.[2] The Attorney General argues the evidence supported the conviction because the jury could reasonably infer Reynoza was attempting to dissuade Cornejo from assisting in the prosecution of a crime. As set forth below, based on our interpretation of the statutory language, we conclude the evidence was insufficient to show Reynoza's conduct fell within the scope of section 136.1(b)(2).

### A. *Legal Principles*

As relevant here, section 136.1(b)(2) prohibits "attempts to prevent or dissuade another person . . . who is witness to a crime from . . . [c]ausing a complaint, indictment, information, probation or parole violation to be sought and prosecuted, and assisting in the prosecution thereof." (§ 136.1, subd. (b)(2).)

"To assess the evidence's sufficiency, we review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357, citing *People v. Maury* (2003) 30 Cal.4th 342, 403 (*Maury*).) The record must disclose substantial evidence to support the verdict such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*Ibid.*) The substantial evidence must be reasonable, credible, and of solid value. (*Ibid.*) We review the evidence "in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence." (*Ibid.*) "A reversal for insufficient evidence 'is unwarranted unless it appears that upon no hypothesis whatever is there sufficient substantial evidence to support' the

---

[2] Reynoza also challenges the sufficiency of the evidence in other respects. We do not reach those claims.

4

jury's verdict." (*Ibid.*) The standard is the same under both the California Constitution and the federal Constitution. (*People v. Jimenez* (2019) 35 Cal.App.5th 373, 392.)

"Issues of statutory interpretation are questions of law subject to de novo review. [Citation.] 'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy. [Citations.]' [Citations.]" (*People v. Simmons* (2012) 210 Cal.App.4th 778, 790.)

**B. *The Evidence Was Insufficient to Sustain a Conviction Under Penal Code Section 136.1, Subdivision (b)(2)***

The legal issue is whether a defendant can be convicted of violating section 136.1(b)(2) under the circumstances presented here. The conduct charged in this case occurred after a complaint had already been filed in the underlying prosecution for misdemeanor firearm possession in Gilroy, and after the defendants in that case had made several court appearances.[3] There was no evidence Reynoza was unaware the complaint had been filed; to the contrary, the evidence tended to show he was aware of the complaint and subsequent court proceedings. Nor was there any evidence he intended to prevent or dissuade the witness from causing an amended complaint or other charging documents to be filed.

---

[3] As stated above, one of the defendants in that case was also charged with felonies, but he pleaded guilty before the charged conduct at issue here.

Reynoza relies on *People v. Fernandez* (2003) 106 Cal.App.4th 943 (*Fernandez*). The *Fernandez* court reversed a conviction under section 136.1(b)(1), which prohibits attempts to dissuade a victim or witness from reporting a crime.[4]  After Fernandez was charged with forging a friend's disability check, Fernandez tried to persuade the friend not to testify truthfully at the preliminary hearing.  (*Id.* at pp. 945-946.)  Fernandez was then charged with and convicted of witness dissuasion under section 136.1(b)(1).  On appeal, he argued subdivision (b)(1) of section 136.1 did not punish attempts to influence or prevent a witness's testimony.  The court of appeal analyzed the overall statutory scheme governing dissuasion, and concluded, "[S]ection 136.1, subdivision (b) punishes a defendant's *pre-arrest* efforts to prevent a crime from being reported to the authorities." (*Id.* at p. 950, italics added.)  Because Fernandez's attempted dissuasion occurred after the crime had already been reported, the court concluded this conduct was not prohibited under section 136.1(b)(1), but that the conduct violated section 137, subdivision (c) instead.  (*Id.* at p. 951.)  In so holding, the court adopted the statutory analysis set forth in *People v. Hallock* (1989) 208 Cal.App.3d 595, 605-607 (*Hallock*) which distinguished between subdivision (a) and subdivision (b) of Penal Code section 136.1 on the ground that the latter subdivision prohibits pre-arrest conduct.

Another court of appeal reached a similar conclusion in *People v. Brown* (2016) 6 Cal.App.5th 1074 (*Brown*).  Brown was convicted under section 136.1(c)(1), which applies to any violation of subdivision (a) or subdivision (b) committed under certain circumstances—e.g., where the act was accompanied by force or committed in furtherance of a conspiracy, among other things.  The court of appeal analyzed the overall statutory scheme and held, "[U]nder section 136.1, subdivision (b)(2), the perpetrator must attempt to prevent a person from causing a charging document to be sought and

---

[4] We use "section 136.1(b)(1)" to refer to subdivision (b)(1) of Penal Code section 136.1, "section 136.1(b)" to refer to subdivision (b), and so forth.

6

prosecuted and from assisting in the prosecution. Thus, the prevention must occur before the relevant charging document has been filed." (*Brown,* at p. 1082, fn. omitted.)

The Attorney General argues that the language in *Brown* pertaining to section 136.1(b)(2) constitutes dictum because *Brown* concerned a conviction under subdivision (c)(1) of section 136.1, not subdivision (b)(2). The Attorney General relies instead on *People v. Velazquez* (2011) 201 Cal.App.4th 219 (*Velazquez*). In *Velazquez*, the court of appeal considered a conviction for dissuasion under section 136.1(b)(2) where the defendant threatened a witness to drop charges against the defendant's fellow gang members. Immediately after Velazquez's fellow gang members had been arraigned in another case, he called the witness and told her that if she dropped the charges, nothing would happen to her. (*Velazquez*, at pp. 223-224.) On appeal, Velazquez argued he could not have been convicted under section 136.1(b)(2) because the charged conduct occurred post-arrest. The court of appeal rejected this claim. The court disagreed with the analysis of section 136.1 set forth in *Fernandez* and characterized that opinion's statements about subdivision (b)(2) as dicta. The *Velazquez* court held, "Subdivision (b)(2) clearly encompasses more than pre-arrest efforts to dissuade, inasmuch as it includes attempts to dissuade a victim from causing a complaint or information to be prosecuted *or* assisting in that prosecution." (*Velazquez*, at pp. 232-233, italics added.) The court therefore left the dissuasion conviction intact even though it was based solely on conduct that occurred after the filing of charges in the underlying prosecution.

We respectfully disagree with *Velazquez*. We are persuaded instead by the construction of the statute adopted in *Hallock*, *Brown* and *Fernandez*. Section 136.1(b)(2) prohibits attempts to dissuade a witness from causing a complaint "to be sought and prosecuted, *and* assisting in the prosecution thereof." (§ 136.1, subd. (b)(2), italics added.) The plain meaning of the words "[c]ausing a complaint . . . to be sought and prosecuted" necessarily includes the filing of a complaint. The *Velazquez* court misconstrued the term "and" to mean "or", thereby eliminating that required filing

7

element.  By passing over the drafters' use of the conjunctive rather than the disjunctive, the court ignored the canon of statutory construction that "significance must be given to every word in a statute in pursuing the legislative purpose, and the court should avoid a construction that makes some words surplusage."  (*People v. Leiva* (2013) 56 Cal.4th 498, 506.)

Although the phrase "sought and prosecuted" might be viewed as ambiguous, the legislative history makes clear that legislators understood this to refer to the filing of a complaint.  The bill analysis generated by the Assembly Committee on Criminal Justice described this subdivision as "covering the prevention or dissuasion or attempts from doing any of the following acts:  [¶] b. Causing an accusatory pleading to be filed, or parole or probation report sought[.]"  (Assem. Com. on Criminal Justice, Analysis of Assem. Bill No. 2909 (1979-1980 Reg. Sess.) as introduced Mar. 6, 1980, p. 1.)  Similarly, the report of the Senate Committee on Judiciary described the subdivision as making it a crime "to dissuade or attempt to dissuade a person from:  [¶]  (b) Causing an accusatory pleading to be filed[.]"  (Sen. Com. on Judiciary, com. on Assem. Bill No. 2909 (1979-1980 Reg. Sess.) as amended April 16, 1980, at p. 3.)

There are still some circumstances under which a person can violate section 136.1(b)(2) even if the charged conduct occurs entirely after the filing of a charging document.  As the *Brown* court observed, the statute prohibits *attempts* at dissuasion.  "Because preventing prosecution can be committed by a mere attempt to prevent prosecution, presumably it could be committed after the charging document was filed, as long as the defendant did not *know* the charging document had been filed and still intended to prevent it from being filed."  (*Brown*, *supra*, 6 Cal.App.5th at p. 1082, fn. 3.)  In this case, however, the prosecution presented no evidence from a which a jury could infer any such lack of knowledge.  To the contrary, Chavez and his brother were present in court for one of Cornejo's post-complaint court appearances in the gun possession case.  This evidence demonstrates the defendants in this case were aware a complaint had

already been filed in the underlying prosecution. Furthermore, nothing in the plain language of the statute limits it to the initial filing of a complaint; it nonspecifically references "*a* complaint." (§ 136.1, subd. (b)(2), italics added.) A person could violate section 136.1(b)(2) by attempting to dissuade a witness or victim from causing an *amended* complaint or some other subsequent charging document to be filed. Again, however, the prosecution presented no evidence from which the jury could infer an amended complaint was forthcoming or that Reynoza intended to dissuade Cornejo from causing one to be filed.

For the reasons above, we hold section 136.1(b)(2) requires proof that, among other things, the defendant attempted to prevent or dissuade another person from causing a complaint, indictment, information, probation or parole violation to be filed. If the defendant was aware the relevant charging document had already been filed, and the defendant did not attempt to prevent or dissuade the filing of any amended or subsequent charging document, the defendant has not violated section 136.1(b)(2).[5] This does not mean the state has no power to deter and punish conduct of the kind described here. Other statutory provisions prohibit attempts to dissuade victims or witnesses where charges have already been filed. (See generally *Fernandez*, *supra*, 106 Cal.App.4th at pp. 949-951 [analyzing the various statutory provisions prohibiting dissuasion]; § 136.1, subds. (a)(1) & (a)(2) [prohibiting dissuasion or attempted dissuasion of a victim or witness from giving testimony or attending trial]; § 137 [applying to attempts to influence testimony or information given to law enforcement].)

Absent substantial evidence proving an essential element of the offense, the conviction under section 136.1(b)(2) must be reversed.

---

[5] Because the statute also refers to probation and parole violations, we use the phrase "charging document" to include the filing of such reports.

### III. DISPOSITION

The judgment is reversed.

_____
Greenwood, P. J.

WE CONCUR:

_____
Bamattre-Manoukian, J.

_____
Lie, J.

People v. Reynoza
H047594

| Trial Court: | Santa Clara County Superior Court |
| | Superior Court No.: C1775222 |
| | |
| Trial Judges: | The Honorable Charles S. Wilson |
| | The Honorable Eric S. Geffon |

Attorney for Defendant and Appellant
Raymond Gregory Reynoza:

Nancy Susan Brandt
under appointment by the Court
of Appeal for Appellant

Attorneys for Plaintiff and Respondent
The People:

Rob Bonta,
Attorney General of California

Lance E. Winters
Chief Assistant Attorney General

Jeffrey M. Laurence
Senior Assistant Attorney General

Catherine A. Rivlin
Supervising Deputy Attorney General

Bruce M. Slavin
Deputy Attorney General

H047594
People v. Reynoza