Filed 4/9/21  P. v. Gray CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C085668 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 16-5473) |
| v. | |
| PRESTON GRAY, | |
| Defendant and Appellant. | |

Defendant Preston Gray was convicted by jury of dissuading a witness and acquitted of pimping and pandering.  The witness he dissuaded was his girlfriend, M., the person he was alleged to have encouraged to become a prostitute and from whose acts of prostitution he allegedly derived support.  The dissuasion occurred in a phone call made from the jail while defendant awaited trial.  In the call, defendant told M., "the only way I could beat this case is if you don't show up" and "don't show up at none of the court dates . . . disappear on their ass."  Defendant was sentenced to serve three years in state prison.

1

On appeal, defendant contends: (1) the evidence is insufficient to support his conviction for dissuading a witness; (2) the trial court violated defendant's federal constitutional rights by allowing the prosecution to try him for a dissuasion offense (defined in Penal Code[1] § 136.1, subd. (a)) that was different from the one charged in the information (defined in subd. (b)(2) of that section); (3) the trial court prejudicially erred and also violated defendant's constitutional rights by instructing the jury on the elements of dissuasion under subdivision (a) rather than subdivision (b)(2); and (4) the trial court prejudicially abused its discretion and further violated defendant's constitutional rights by denying his request to play the entirety of the aforementioned jailhouse phone call.

We affirm. As we shall explain, the evidence is sufficient to support defendant's dissuasion conviction. With respect to defendant's claim of a prejudicial pleading variance, we conclude defendant has forfeited the claim and, in any event, has suffered no prejudice. Moreover, viewed as instructional error, we also conclude reversal is not required because it is clear beyond a reasonable doubt that a rational jury would have rendered the same verdict absent the error. Finally, the trial court did not abuse its discretion or violate defendant's constitutional rights by redacting the jailhouse phone call.

## FACTS

While defendant was housed at the Yolo County jail awaiting trial on charges of pimping and pandering, before the preliminary hearing in this matter, he called M., who was his girlfriend and the alleged victim. The following exchange occurred during the call:

"[Defendant]: Hello (unintelligible)?

"[M.]: Yeah.

---

[1] Undesignated statutory references are to the Penal Code.

2

"[Defendant]:  You gotta understand this.  They record all my phone calls and they – the only way I could beat this case is if you don't show up.

"[M.]:  You said what baby?

"[Defendant]:  If you don't show up at none of the court dates.  You got to disappear on their ass.  'Cause they gonna keep on calling you, keep calling you.  You got to change your number or somethin' 'cause they're gonna keep on tryin' to get in touch with you 'cause they trying to make me – they gonna try to make this stick.  This is serious.  I could get up to, like, damn near three to four – up to – up to if they want – this one dude in here got nine years.

"[M.]:  Wow.

"[Defendant]:  Yeah.

"[M.]:  But they don't have no evidence against you so what the fuck?  They don't have anything to – major.

"[Defendant]:  They – they're using what they got.  They're using that.  They're using – whatever they got they're using it.  They don't care.  This is – they said this is Yolo County.  It's, uh, uh, uh, lock a black man up county.  They don't care.  This is not one of them counties to play with.

"[M.]:  So you don't want me to come so I won't – I won't go no more court dates if you don't want me to . . . ."

M. did not testify at the preliminary hearing.  She did testify at the subsequent trial.

Defendant also testified at trial and claimed another inmate in the jail told him, "Yolo County is a county that fries black men."  This statement scared defendant "out [of] [his] mind" and prompted him the make the statements to M. recounted above.  According to defendant, although he believed he was innocent of the pimping and pandering charges, he was told his innocence did not matter and he believed Yolo County would treat him unfairly because he was a Black man.

3

DISCUSSION

# I

## *Sufficiency of the Evidence*

Defendant contends the evidence is insufficient to support his conviction for dissuading a witness under section 136.1, subdivision (b)(2), the version of the dissuasion offense set forth in the information. We disagree.

The information filed in this case charged defendant with dissuading a witness under section 136.1, subdivision (b)(2), "in that [defendant] did willfully and unlawfully attempt to prevent and dissuade another person who had been the victim of a crime and who was a witness to a crime from causing a complaint, indictment, information, probation and parole violation to be sought and prosecuted, and assisting in the prosecution thereof." The jury's verdict found defendant guilty of this offense, "DISSUADING A WITNESS, a violation of Section 136.1(b)(2)," as charged in the information.

However, the theory advanced by the prosecution at trial was that defendant committed a different form of dissuasion, prohibited by section 136.1, subdivision (a). This subdivision proscribes "[k]nowingly and maliciously prevent[ing] or dissuad[ing]," or "attempt[ing] to prevent or dissuade[,] any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law." (§ 136.1, subd. (a)(1), (2).) The jury was instructed on this version of dissuasion, not the version set forth in the information. The jury was informed the prosecution was required to prove: "1. The defendant maliciously tried to prevent or discourage [M.] from attending or giving testimony at the preliminary hearing; [¶] 2. [M.] was a witness or crime victim; [¶] AND [¶] 3. The defendant knew he was trying to prevent or discourage [M.] from attending or giving testimony at the preliminary hearing and intended to do so."

There is no dispute this theory is adequately supported by substantial evidence. The words defendant conveyed to M. during the jailhouse phone call, "don't show up at

4

none of the court dates" because that was the only way for him to "beat this case," followed by M.'s agreement not to attend further proceedings and her subsequent failure to attend the preliminary hearing, is more than sufficient to establish violation of this provision.

But that was not the provision defendant was charged with violating. We must therefore determine whether or not defendant's act of dissuading M. from attending and giving testimony at the preliminary hearing also subjected defendant to criminal liability under section 136.1, subdivision (b)(2). In other words, does attempting to prevent or dissuade a victim or witness from "[c]ausing a complaint, indictment, information, probation or parole violation to be sought and prosecuted, and assisting in the prosecution thereof" (§ 136.1, subd. (b)(2)) include dissuading that victim or witness from attending and giving testimony at a preliminary hearing?

"The issue is one of statutory construction. As such, 'our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. We do not, however, consider the statutory language "in isolation." [Citation.] Rather, we look to "the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]" [Citation.] That is, we construe the words in question " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .' [Citation.]" [Citation.] We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." [Citations.]' [Citation.]" (*People v. Fernandez* (2003) 106 Cal.App.4th 943, 947-948 (*Fernandez*).)

In *Fernandez*, our colleagues at the Second Appellate District held the defendant's attempt to persuade the victim to give false testimony at the preliminary hearing, while a violation of section 137, subdivision (c), was not a violation of section 136.1, subdivision (b)(1), proscribing dissuading or attempting to dissuade a crime victim or witness from

5

reporting " 'that victimization to any peace officer or state or local law enforcement officer or probation or parole or correctional officer or prosecuting agency or to any judge.' " (*Fernandez*, *supra*, 106 Cal.App.4th at p. 947.) The court concluded, "the term 'report,' as used in section 136.1, subdivision (b)(1)," did not "include testimony at a preliminary hearing." (*Ibid*.) Beginning with the plain meaning of subdivision (b)(1), the court explained that although the word " 'report' " generally means " 'an account presented,' " and "[i]n some contexts, [that] term . . . could reasonably encompass 'testimony,' . . . neither lawyers nor laypeople are apt to characterize testimony by a witness in a criminal proceeding as a 'report.' " (*Fernandez,* at p. 948.)

The court went on to explain an interpretation of section 137, subdivision (b)(1) that included preliminary hearing testimony would be at odds with the statutory scheme and "was not what the Legislature intended." (*Fernandez*, *supra*, 106 Cal.App.4th at p. 948.) "Efforts to prevent or influence testimony are specifically prohibited by provisions other than section 136.1, subdivision (b)(1). Section 137 forbids a defendant's efforts to change the content of a witness's testimony. [Citation.] Section 136.1, subdivision (a) makes it a crime to '[k]nowingly and maliciously prevent[] or dissuade[] any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law' or to attempt to do the same; i.e., to try to prevent a witness from appearing in court and giving testimony. [Citations.] Section 138, subdivision (a) penalizes bribes that are intended to dissuade a witness from appearing in court. [¶] A review of the entire statutory scheme convinces us that when the Legislature intends to penalize an effort to influence or prevent *testimony*, or an effort to prevent the defendant from appearing in court, it does so explicitly. Section 136.1, subdivision (b)(1) makes no reference to testimony or courtroom appearances." (*Id*. at pp. 948-949.)

Defendant argues *Fernandez, supra,* 106 Cal.App.4th 943 requires reversal of his conviction for insufficient evidence because the subdivision he was convicted of

6

violating, subdivision (b)(2), likewise does not encompass dissuading testimony at a preliminary hearing.[2] We are not persuaded.

A similar argument was rejected in *People v. Velazquez* (2011) 201 Cal.App.4th 219 (*Velazquez*). There, after members of a criminal street gang were arrested for putting a gun to the victim's head and burglary, the defendant, who was also a member of that gang, threatened the victim and told her "if she dropped the charges, nothing would happen to her." (*Id*. at p. 224.) Convicted of making criminal threats and dissuading a witness under section 136.1, subdivision (b)(2), the defendant relied on *Fernandez* in arguing that "subdivision (b) applies only to prearrest efforts to dissuade a witness from reporting a crime, rather than attempts to persuade a witness to drop charges after the perpetrators have been arrested . . . ." (*Velazquez,* at p. 232.) The Court of Appeal disagreed, explaining: "The issue in [*Fernandez, supra,* 106 Cal.App.4th 943] was whether subdivision *(b)(1)* of section 136.1 applied to an attempt to influence a witness' testimony, not, as in this case, whether subdivision *(b)(2)* applies to an attempt to influence a victim to drop the charges against a perpetrator. To the extent the court in *Fernandez* intended to include subdivision (b)(2) in its statement that subdivision (b) applies only to prearrest attempts to dissuade the reporting of a crime, the statement is dictum, with which we respectfully disagree." (*Ibid*., italics added.)

The *Velazquez* court further explained that "[u]nlike subdivision (b)(1), which makes it a crime to attempt to dissuade a crime victim from '[m]aking any report of that victimization to any peace officer . . . or to any judge,' subdivision (b)(2) makes it a

---

**2** Defendant also relies on *People v. Hallock* (1989) 208 Cal.App.3d 595 (*Hallock*) in making this argument. However, in that case, the appellate court did not reverse the defendant's conviction for insufficient evidence. Instead, the court concluded the defendant's conviction for violating section 136.1, subdivision (b)(1) was supported by substantial evidence, but that conviction had to be reversed for instructional error. (*Hallock,* at pp. 607, 610.) We describe this case more fully during our discussion of defendant's instructional error claim.

crime to attempt to dissuade a victim or witness from '[c]ausing a complaint, indictment, information, probation or parole violation to be sought and prosecuted, and assisting in the prosecution thereof.' Subdivision (b)(2) clearly encompasses more than prearrest efforts to dissuade, inasmuch as it includes attempts to dissuade a victim from causing a complaint or information to be prosecuted or assisting in that prosecution. The evidence in this case shows that defendant threatened [the victim] in an attempt to persuade her to drop the charges against his fellow gang members. This is sufficient evidence to support a conviction under section 136.1, subdivision (b)(2), for attempting to dissuade a victim from causing a complaint or information to be prosecuted." (*Velazquez*, *supra*, 201 Cal.App.4th at pp. 232-233.)

We agree with the *Velazquez* court's conclusion section 136.1, subdivision (b)(2) covers postarrest efforts to dissuade a victim or witness from causing an information to be sought and prosecuted and assisting in that prosecution. Here, defendant was arrested and charged with pimping and pandering at the time of his phone call to M. However, prior to the preliminary hearing, there was no information filed against him. By persuading M. to "disappear on their ass" before the preliminary hearing, he was attempting to dissuade her from assisting the prosecution in its efforts to file that information and proceed to trial. This conduct also falls squarely within the plain meaning of subdivision (b)(2). Nor do we discern any indication in the statutory scheme that the Legislature intended each form of dissuasion set forth in section 136.1 to be mutually exclusive of each other, with no overlap whatsoever. Thus, while we have no occasion to quarrel with the holding in *Fernandez*, we cannot conclude subdivision (b)(2) is limited to pre-arrest efforts to prevent an information to be sought or prosecuted. Indeed, the prosecution of an information occurs postarrest.

Defendant's conviction for dissuasion under section 136.1, subdivision (b)(2) is supported by substantial evidence.

8

## II

### *Pleading Variance*

Defendant also claims the trial court violated his constitutional rights by allowing the prosecution to try him for a dissuasion offense that was not charged in the information. We conclude defendant has forfeited this claim.

As previously stated, the information alleged that defendant violated section 136.1, subdivision (b)(2). However, prior to the instruction conference, the prosecution asked the trial court to instruct the jury on subdivision (a)(1) and (2). It appears the defense had the packet of the proposed instructions prior to defendant's testimony.[3] When later asked about the witness dissuasion instruction at the instruction conference, defense counsel said he had no objection.

Our Supreme Court considered somewhat similar circumstances in *People v. Maury* (2003) 30 Cal.4th 342 (*Maury*). There, the defendant was charged with forcible rape " 'by means of force and fear of immediate and unlawful bodily injury' " and the jury was instructed that it could find him guilty if it concluded he "accomplished the act of sexual intercourse 'by means of force, violence, or fear of immediate and unlawful bodily injury.' " (*Id*. at pp. 426-427.) Rejecting the defendant's assertion that the variance violated his federal constitutional rights "because the jury might have convicted him of an uncharged offense, rape by means of violence," the court first concluded the defendant forfeited his variance claim by failing to object at trial. (*Id*. at p. 427.) Second, as the court explained, the rape theories merely described different circumstances under which an act of intercourse could constitute the crime of rape. And third, no prejudice

---

[3] The trial court adjourned for the day during defendant's direct examination. Just before adjourning, the court and counsel discussed the possibility of having an informal instruction conference regarding the proposed instructions the following morning. The court asked counsel to meet and confer about the instructions instead.

9

was shown.  As to prejudice, the court noted " '[t]he test of the materiality of variance in an information is whether the pleading so fully and correctly informs a defendant of the offense with which he is charged that, taking into account the proof which is introduced against him, he is not misled in making his defense.' " (*Ibid*.)  The court reasoned that the variance was "not of such a substantial character as to have misled defendant in preparing his defense." (*Ibid*.)

Here, as in *Maury*, defendant has forfeited his pleading variance claim.  When specifically asked about the dissuasion instruction, defendant said he had no objection.  By allowing the jury to be instructed on the subdivision (a)(1) and (2) theory without objecting, defendant forfeited this claim on appeal.

Anticipating forfeiture, defendant alternatively argues ineffective assistance of counsel.  For this reason, we also address the merits of the variance claim.  Our high court has focused on prejudice as a key consideration in cases involving pleading variance issues, noting:  "The decisive question . . . is whether the variance was of such a substantial character as to have misled defendants in preparing their defense." (*People v. Collins* (1960) 54 Cal.2d 57, 60 [defendants charged with rape by force under then section 261, but validly convicted of intercourse with an underage person, which was at the time a separate theory of rape under section 261; defendants were on notice that the victim was 15 years old based on the preliminary hearing testimony][4]; see also *People v. Thomas* (1987) 43 Cal.3d 818, 854, 832 [defendant charged with manslaughter under section " '192.1,' " in that he " 'wilfully, unlawfully, and with/[out] malice aforethought' " killed, which could have been construed as voluntary manslaughter,

---

[4]    As implied in the bracketed notation, and as we have stated more fully in *People v. Chapman* (1975) 47 Cal.App.3d 597, at page 604, footnote 3, *Collins* has been superseded by the statutory amendment removing statutory rape from section 261.  This does not affect its conclusion regarding the pleading variance issue.

section 192, subdivision (1), but instructed on involuntary manslaughter and convicted of that charge; "even if the accusatory pleading was defective, defendant has not demonstrated he was misled to his prejudice and reversal is therefore inappropriate in this case"].)

For the following reasons, we conclude the variance in this case was not substantial enough to have misled defendant in the preparation of his defense. First, defendant had notice of the factual basis for a witness dissuasion charge under either section 136.1 subdivision (a)(1) and (2) and subdivision (b)(2) based on the preliminary hearing testimony. As was clear from the preliminary hearing testimony, the charge here arose from the jail phone conversation.

Second, defendant was fully and correctly informed that the prosecution was advancing a theory under section 136.1, subdivision (a) prior to and during the instruction conference. As noted, at the instruction conference counsel expressly stated he had no objection to the witness dissuasion instruction as proposed. Thus, based on the notice given by the preliminary hearing testimony as to the underlying facts and the proposed instructions, defendant was not misled in making his defense. (See *Maury*, *supra*, 30 Cal.4th at pp. 427-428.) Defendant's claim that he told M. not to show up because he was scared of unfair treatment was the defense he intended to mount, regardless of which witness dissuasion theory the prosecution would have advanced.[5]

Third, although violations of section 136.1, subdivisions (a) and (b) are separate offenses, they carry the same sentences: one year in county jail or a prison triad of 16-2-3. (§§ 136.1, subds. (a) & (b), 1170, subd. (h)(1).) Thus, defendant was not exposed to any greater penalty by the pleading variance.

---

[5]     Moreover, as discussed more fully earlier in this opinion, the defense that defendant was scared of unfair treatment is not a real defense to either subdivision (a) or (b) of section 136.1.

11

Finally, given the mens rea elements of subdivision (a), it is harder to prove that offense than the subdivision (b)(2) offense defendant was charged with. Section 136.1, subdivision (b)(2) prohibits a defendant from dissuading or attempting to dissuade a victim or witness from "[c]ausing a complaint . . . [or] information . . . to be sought and prosecuted, and assisting in the prosecution thereof." The mens rea requirement for that theory is specific intent to dissuade. (*Velazquez*, *supra*, 201 Cal.App.4th at p. 230.) Section 136.1, subdivision (a) too requires the specific intent to dissuade, but additionally requires a showing of malice. (*People v. Brackins* (2019) 37 Cal.App.5th 56, 66.) Malice in turn requires a showing of either (1) the intent to vex, annoy, harm, or injure or (2) the intent to thwart or interfere in any manner with the orderly administration of justice. (§ 136, subd. (1); *People v. Wahidi* (2013) 222 Cal.App.4th 802, 809.) Because subdivisions (a)(1) and (2) include an enhanced mens rea, defendant's waiver of the pleading variance appears to have been tactical. This conclusion alone requires rejection of defendant's alternative assertion of ineffective assistance of counsel. (See *People v. Stanley* (2006) 39 Cal.4th 913, 954 [reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel].)

## III

### *Instructional Error*

Defendant additionally attempts to recast the foregoing variance claim as one of instructional error, arguing the trial court prejudicially erred and violated his constitutional rights by failing to properly instruct the jury on all elements of the offense he was charged with committing.

As a preliminary matter, this claim is also forfeited because defendant did not object to the dissuasion instruction given to the jury. Assuming this recast variance claim may be reviewed under the rubric of instructional error if "the error resulted in a miscarriage of justice" (*People v. Anderson* (2007) 152 Cal.App.4th 919, 927), we conclude any instructional error was manifestly harmless.

12

In *Hallock*, *supra*, 208 Cal.App.3d 595, as mentioned previously, a similar instructional error occurred. There, the defendant attempted to rape an elderly woman and then "threatened, 'if you tell anybody anything that happened tonight here . . . I'll blow your house up.'" (*Id*. at p. 598.) The defendant was charged with violating section 136.1, subdivision (b)(1), dissuading the reporting of victimization, but the jury was instructed on the elements of a violation of subdivision (a), dissuading or attempting to dissuade attending or giving testimony at a proceeding. (*Hallock,* at pp. 605-607.) The Court of Appeal reversed, explaining that although the evidence was sufficient to support the defendant's conviction for the subdivision (b)(1) violation, indeed the "[d]efendant's threat could only reasonably have been believed to have been directed at reporting the crime," the jury was improperly instructed on a violation of law that was not supported by substantial evidence. (*Hallock,* at p. 607.) It was therefore clear to the court the defendant "was convicted on an unsupportable theory." (*Id*. at p. 609.) This error, in conjunction with an additional instructional error, required reversal. (*Id*. at p. 610.)

Here, as in *Hallock*, defendant was charged with one form of dissuading a witness and instructed on another form of the crime. Also like *Hallock*, the form of the crime defendant was charged with committing is supported by substantial evidence, and therefore, a reversal of defendant's conviction would not implicate double jeopardy principles. (*Hallock*, *supra*, 208 Cal.App.3d at p. 607.) Unlike *Hallock*, however, as we have already indicated, substantial evidence also supports the violation set forth in the instructions. Moreover, as we explained in the preceding section of this opinion, the instructions given to the jury in this case benefitted defendant because the dissuasion offense set forth therein was more difficult to prove than the dissuasion offense defendant was charged with having committed. We must determine whether reversal is warranted in these circumstances.

When the trial court omits elements of the offense when instructing the jury, the reviewing court must determine whether it is clear beyond a reasonable doubt that a

13

rational jury would have rendered the same verdict absent the error. (*People v. Merritt* (2017) 2 Cal.5th 819, 831, citing *Neder v. United States* (1999) 527 U.S. 1, 18 [144 L.Ed.2d 35].) Where the missing "element was undisputed, the defense was not prevented from contesting any [or all] of the omitted elements, and overwhelming evidence supports the omitted element," the failure to instruct on the missing element will be deemed harmless. (*Merritt,* at p. 828.) Such is the case here. Because there was sufficient evidence to establish a violation of subdivision (b)(2) of section 136.1, and because of the nature of that evidence, the evidence established beyond a reasonable doubt that defendant tried to dissuade M. from causing an information to be filed, tried to dissuade her from assisting in the prosecution thereof, and tried to dissuade her in assisting in the prosecution of a complaint at the preliminary hearing; any one of these theories would have supported a guilty verdict on a subdivision (b)(2) theory. This is not a case where the omitted element was challenged by the defense. Defendant never argued that by convincing M. not to testify at the preliminary hearing he was somehow not attempting to dissuade her from causing an information to be sought and prosecuted, or otherwise assisting in the prosecution of the complaint or information.

We conclude there is no reasonable possibility that the purported error contributed to the verdict. (*People v. Aranda* (2012) 55 Cal.4th 342, 367, 368.) Given the evidence before the jury, and the defense mounted on the witness dissuasion charge, no rational jury would have found that defendant did not violate section 136, subdivision (b)(2) if properly instructed.

## IV

### *Rule of Completeness*

We finally also reject defendant's contention that the trial court prejudicially abused its discretion and violated his constitutional rights by denying his request to play the entirety of the phone call he made to M. from the jail.

14

## A.

### *Additional Background*

At trial, the prosecution sought to admit an edited version of the jailhouse phone call, the essential portion of which we have already set forth. Defendant objected to all proposed deletions from the call except one in which potential punishment is discussed. On appeal, he challenges the trial court's ruling allowing the following portions of the call to be deleted:

"[Defendant]: Yeah. They violated my rights and everything.

"[M.]: Yeah.

"[Defendant]: Even when I asked them when they had me in the interrogating room. I asked them could I speak to a lawyer. They were supposed to stop questioning me right then and there. They wasn't supposed to – they were supposed to let me, um – not keep comin' in there with different people asking me when I already told them that I was – I didn't . . .

"[M.]: Why didn't you tell your attorney that?

"[Defendant]: I haven't talked to my attorney yet. I haven't got a chance to even talk to a[n] attorney to say anything to my attorney. I don't even know what my – I haven't even seen my attorney yet.

"[M.]: Well yeah 'cause that – you're not – they're not supposed to do that shit and I think that would be your ticket – you[r] one-way ticket out of fuckin' jail 'cause did they even read you your rights? 'Cause when they even put me in handcuffs and all that shit they didn't read me my rights.

"[Defendant]: They didn't read me my rights at first, and when they did read me my rights then I asked them – then I asked them then, you know, if you're reading me my rights can I – do I have a right, uh, to speak to a lawyer. You know what I'm sayin'? [A]nd my phone call, can I get my phone call. They never gave me my phone call. They kept giving me water."

15

The trial court excluded this portion of the call, explaining, "I do find that these are hearsay statements. They are self-serving in nature. Re-reading Evidence Code [section] 356, that this material is not related to the charges in Counts 1, 2, and 3. Again, in the Court's view it is self-serving information unrelated, and under 356 it will be excluded as not being something that fills out or helps complete or understand other statements that were admitted."

Defendant also challenges the trial court's exclusion of the remainder of the call, specifically highlighting this statement by defendant: "They just – they just wanna – I don't know. They said this and these people in here, they tellin' me – this county they got me in, these people do not be playin'. They want convictions. They want people to just accept whatever they – they get the – they got the highest conviction in this – this county do and I'm not acceptin' that 'cause I don't want to be away from my kids that damn long. Fuck that. I ain't never been away from my kids that long, you know."

Excluding the remainder of the call, the trial court stated: "I do find that that material is not germane and it's appropriate for that to be edited out as well as it does not relate to issues here that are relevant. They relate to issues regarding relationships, et cetera, but the Court will allow for that edit. I do believe that that's appropriate."

**B.**

*Analysis*

Evidence Code section 356 provides: "Where part of an act, declaration, conversation, or writing is given in evidence by one party, the whole *on the same subject* may be inquired into by an adverse party; when a letter is read, the answer may be given; and when a detached act, declaration, conversation, or writing is given in evidence, any other act, declaration, conversation, or writing which is necessary to make it understood may also be given in evidence." (Italics added.)

This provision "is sometimes referred to as the statutory version of the common law rule of completeness. [Citation.] According to the common law rule: ' "[T]he

16

opponent, against whom a part of an utterance has been put in, may in his [or her] turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance." [Citation.]' [Citation.]" (*People v. Parrish* (2007) 152 Cal.App.4th 263, 269, fn. 3.) The purpose of the rule "is to prevent the use of selected aspects of a conversation, act, declaration, or writing, so as to create a misleading impression on the subjects addressed. [Citation.] Thus, if a party's oral admissions have been introduced in evidence, he [or she] may show other portions of the same interview or conversation, even if they are self-serving, which 'have some bearing upon, or connection with, the admission . . . in evidence.' [Citations.]" (*People v. Arias* (1996) 13 Cal.4th 92, 156.) We review the trial court's determination of whether or not to admit evidence under this provision for abuse of discretion. (See *People v. Pride* (1992) 3 Cal.4th 195, 235.)

Defendant argues the trial court abused its discretion in excluding the foregoing portions of the call because they were "on the same subject" as the excerpts admitted into evidence, i.e., his statements telling M. not to attend further court proceedings. He argues his "fear and statements about his rights explained why he told [M.] to disappear and helped to put his intent in context." The Attorney General disagrees, arguing, "[i]nstead of providing further clarification of [defendant's] directives to [M.], the additional portions of the recording concerned other unrelated issues (i.e., alleged rights violations and relationships)."

We agree with defendant that the redacted statements were on the same subject as the portions of the phone conversation that were admitted. As our Supreme Court has stated: "Application of Evidence Code section 356 hinges on the requirement that the two portions of a statement be 'on the same subject.' . . . ' "In applying Evidence Code section 356 the courts do not draw narrow lines around the exact subject of inquiry." ' [Citation.]" (*People v. Vines* (2011) 51 Cal.4th 830, 861, overruled on another point in *People v. Hardy* (2018) 5 Cal.5th 56.) However, this does not end the inquiry. When

17

considering application of Evidence Code section 356, portions of a statement may be excluded as either irrelevant or, if relevant, for any of the countervailing reasons set forth in Evidence Code section 352.  (*People v. Pride*, *supra*, 3 Cal.4th at p. 235 ["trial court has broad discretion to exclude evidence it deems irrelevant, cumulative, or unduly prejudicial or time-consuming"].)

Here, as set forth more fully above, the precluded statements can be characterized as (1) statements complaining about the failure to provide an attorney after invoking his rights under *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694] and the failure to give him a phone call ("*Miranda*/phone call" statements), and (2) statements expressing defendant's understanding that the authorities in Yolo County seek harsh convictions and his refusal to accept that because he did not want to be away from his kids ("fear of conviction/being away from kids" statements).  None of these statements are relevant to the ultimate issue of whether or not defendant committed the crime of dissuasion.

Nevertheless, defendant argues the redacted statements were relevant to explain why he told M. to disappear and "helped to put his intent in context."  He does not explain what "put[ting] his intent in context" means, other than to cite a case where the prosecution sought to introduce the entirety of a statement after defense counsel asked a prosecution witness about portions that were inconsistent with the witness's trial testimony.  (See *People v. Hamilton* (1989) 48 Cal.3d 1142, 1174.)  There, our high court concluded the statements were admissible under Evidence Code section 356, observing that the portions the prosecution sought to admit were relevant to establish defendant's motive, the same topic about which the witness testified on direct and cross-examination. (*Hamilton,* at p. 1174.)  This is not the situation here.

Defendant also argues the redacted statements established he had no intent to dissuade a witness, and had the jury heard this evidence it "would have realized this was the talk of a scared and desperate man."  Scared and desperate, however, is not a defense. Nor do those emotions negate either an intent to dissuade or an intent to thwart or

18

interfere with the orderly administration of justice—both of which is what defendant plainly intended to do.  There is simply no innocent purpose, necessity, or justification defense to the crime of witness dissuasion.  What motivated defendant to tell his girlfriend not to show up is simply not relevant to any material issue in the case.  It does not matter that he was scared and that is why he dissuaded her.  It only matters that he specifically intended to do so, and for section 136.1, subdivision (a), that he did so with at least one of the two forms of malice.

The trial court acted well within its discretion in precluding the redacted portions of the phone conversation on relevance grounds.[6]  This conclusion also requires rejection of defendant's assertion the exclusion of the evidence resulted in a violation of his federal constitutional rights.  "[T]here is no due process right to present irrelevant evidence or evidence that creates a substantial danger of misleading the jury." (*People v. Rubin* (2008) 168 Cal.App.4th 1144, 1148.)

---

[6]     Even if there was some relevance, it would have also been within the trial court's discretion to preclude these statements under Evidence Code section 352.  (See *People v. Pride*, *supra*, 3 Cal.4th at p. 235; see also *People v. Rios* (1985) 163 Cal.App.3d 852, 866 [we will affirm the trial court's evidentiary ruling if it is correct on any theory of law applicable to the case, even if for reasons different than those given by the trial court].)  Assuming some minimal probative value, it was substantially outweighed by the probability of confusing the issues and misleading the jury.  By allowing the "*Miranda*/phone call" statements, a jury would have been misled into thinking an alleged violation of defendant's *Miranda* rights or refusal to provide a phone call could somehow negate the charges.  If it was not true that defendant had been denied counsel or a phone call, the prosecution would have had to introduce evidence that there were no such violations by introducing facts as to what happened.  Additionally, somehow the jury would have to be informed about the law concerning *Miranda* and phone calls.  Proving no violation occurred and explaining why *Miranda* and phone call right violations did not negate the charges would have resulted in an unwarranted consumption of time.  Similarly, assuming the "fear of conviction/being away from his kids" statements and his relationship with his children was somehow pertinent to an issue the jury was tasked with deciding, any probative value would have been substantially outweighed by the tendency to confuse the issues with matters of punishment and the tendency for the jury to consider such matters in deciding whether defendant was guilty.

## DISPOSITION

The judgment is affirmed.

                                              /s/
                                              HOCH, J.

We concur:

 /s/
MURRAY, Acting P. J.

 /s/
RENNER, J.